UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DERECK CASE, individually, and as representative of a Class of Participants and Beneficiaries of the Generac Power Systems, Inc. Employees 401(k) Savings Plan,<br><br>Plaintiffs,<br><br>v.<br><br>GENERAC POWER SYSTEMS, INC., *et al.*,<br><br>Defendants. | CASE NO. C21-752 RSM<br><br>ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE TO THE EASTERN DISTRICT OF WISCONSIN AND DENYING MOTION TO STAY |

## I.  INTRODUCTION

This matter is before the Court on Defendants' Motion to Transfer Venue to the Eastern District of Wisconsin. Dkt. #25. Additionally, Defendants request that the Court stay this matter pending a decision on their motion to transfer venue. Dkt. #27. Plaintiff opposes both motions. Dkt. #31. Having considered the matters, the Court grants Defendants' motion to transfer venue and accordingly denies, as moot, Defendants' motion for a stay.

## II.  BACKGROUND

**A. Plaintiff's Filing of This Action**

Plaintiff Dereck Case lives within the Western District of Washington, in Arlington, Washington. Dkt. #1 at ¶ 11. Plaintiff was employed by Defendant Generac Power Systems,

ORDER – 1

Inc. ("Generac") until May 11, 2021, and is a participant and beneficiary of the Generac Power Systems, Inc. Employees 401(k) Savings Plan (the "Plan"). *Id.* at ¶¶ 12–14. Plaintiff brought this action, pursuant to the Employee Retirement Income Security Act ("ERISA"), maintaining that Defendants Generac, the Board of Directors of Generac Power Systems, Inc. (the "Board Defendants"), and John Does 1–30 breached fiduciary duties owed to beneficiaries of the Plan. *Id.* at ¶ 3. Specifically, Plaintiff alleges that the Defendants breached their fiduciary duties by:

> (1) authorizing the Plan to pay unreasonably high fees for retirement plan services ("RPS"); (2) failing to objectively, reasonably, and adequately review the Plan's investment portfolio with due care to ensure that each investment option was prudent, in terms of cost; and (3) maintaining certain funds in the Plan despite the availability of identical or similar investment options with lower costs and/or better performance histories.

*Id.* at ¶ 4. Plaintiff seeks to represent a class of similarly situated individuals. *Id.* at ¶¶ 194–206.

**B. Defendants' Motion to Transfer Venue**

Prior to answering Plaintiff's action, Defendants filed their motion to transfer venue. Dkt. #25. In support, Defendants argue that Plaintiff's action is subject to a Plan provision requiring that actions related to the Plan be brought within the Eastern District of Wisconsin. *Id.* at 11–13.[1] Specifically, Defendants point to Section 14.4 of the Plan:

> **14.4  Legal Actions**
>
> The Participant may not bring legal action to receive benefits under the Plan until the following criteria are satisfied:
>
> (a) The Participant submits an application for benefits to the Plan Administrator under the terms of the Plan;
> (b) The Plan Administrator provides the Participant with a written notice denying the claim, in whole or in part;
> (c) The Participant exhausts the appeal procedure in Section 14.3; and
> (d) The Participant exhausts all other appeals and remedies available under the Plan.

---

[1] Throughout, the Court cites to the docket and page numbers applied by the Court's CM/ECF system, unless otherwise indicated by paragraph number or page and line numbers.

ORDER – 2

> No legal action may be brought more than one year after the Participant has exhausted the Participant's appeal rights under the Plan. Further, any legal action brought against the Plan, or against the Plan Administrator or Plan Sponsor in connection with the Plan, must be brought in the Federal District Court for the Eastern District of Wisconsin.

Dkt. #26-1 at 80. As additional support, Defendants point to the provisions of the Plan's Summary Plan Description ("SPD") related to legal actions:

> **Enforce Your Rights**
>
> If your claim for a retirement benefit is denied or ignored, in whole or in part, you have a right to know why this was done, to obtain copies of documents relating to the decision without charge, and to appeal any denial, all within certain time schedules. Under ERISA, there are steps you can take to enforce the above rights.
>
> - For instance, if you request a copy of Plan documents or the latest annual report from the Plan and do not receive them within 30 days, you may file suit in a federal court in the Eastern District of Wisconsin. In such a case, the court may require the Plan Administrator to provide the materials and pay you up to $110 a day until you receive the materials, unless the materials were not sent because of reasons beyond the control of the Plan Administrator.
>
> - If you have a claim for benefits that is denied or ignored, in whole or in part, you may file suit in federal court in the Eastern District of Wisconsin. In addition, if you disagree with the Plan's decision or lack thereof concerning the qualified status of a domestic relations order, you may file suit in a federal court in the Eastern District of Wisconsin.
>
> - If it should happen that Plan fiduciaries misuse the Plan's money, or if you are discriminated against for asserting your rights, you may seek assistance from the U.S. Department of Labor, or you may file suit in a federal court in the Eastern District of Wisconsin.
>
> The court will decide who should pay the court costs and legal fees. If you are successful, the court may order the person you sued to pay these costs and fees. If you lose, the court may order you to pay these costs and fees (for example, if the court finds your claim is frivolous).

Dkt. #26-2 at 35–36.

Defendants also argue, as alternative grounds for transfer, that Plaintiff's action should be transferred to the Eastern District of Wisconsin for convenience. Dkt. #25 at 13–22. In

ORDER – 3

support, Defendants submit the declaration of Cheryl Brand, who serves as the "Director – Total Rewards/HRIS" at Generac and is knowledgeable regarding the Plan's administration. Dkt. #26 at ¶ 1–2. Ms. Brand indicates that Generac's corporate headquarters are in Wisconsin, that the Plan was approved and executed in Wisconsin, that the Plan is administered by Generac in Wisconsin, and that Plan records are maintained in Wisconsin. *Id.* at ¶¶ 3–6. Ms. Brand further indicates that no members of the Benefits Committee (which oversees investment of the Plan), the Compensation Committee of the Board of Directors (which oversees the Benefits Committee), the Board Defendants, or the third-party entities providing administrative, recordkeeping, and investment advice, reside within Washington. *Id.* at ¶¶ 7–11. Finally, Ms. Brand explains that 86% of the Plan's 5,640 active participants reside in Wisconsin and, conversely, that only 0.002% of the Plan's participants reside in Washington. *Id.* at ¶ 12.

### III. DISCUSSION

Civil actions may be transferred, "[f]or the convenience of parties and witnesses, [and] in the interest of justice, . . . to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Section 1404(a) places "discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

Section 1404(a) is the proper "mechanism for enforcement of forum-selection clauses that point to a particular federal district." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 59 (2013). "[W]hen the parties' contract contains a valid forum-selection clause," that clause "represents the parties' agreement as to the most proper forum." *Id.* at 63 (citing *Stewart*, 487 U.S. at 31). Therefore, "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Id.* (quoting Stewart, 487 U.S. at 33).

ORDER – 4

Specifically, the presence of a valid forum-selection clause requires district courts to adjust their usual section 1404(a) analysis in three ways: (1) "the plaintiff's choice of forum merits no weight," (2) "a court evaluating a defendant's [section] 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests," and (3) "when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a [section] 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules." *Id.* at 63–64.

### A. Transfer Under the Forum Selection Clause

Here, the Court finds that Plaintiff's action falls within the scope of the agreed forum selection clause. The Court agrees with Defendants that the forum selection clause, though preceded by language related to denial of benefits claims, applies to "any legal action brought against the Plan, or against the Plan Administrator or Plan Sponsor in connection with the Plan." Dkt. #26-1 at 80. As a "legal action brought against the Plan . . . in connection with the Plan," this action belongs "in the Federal District Court for the Eastern District of Wisconsin." *Id.*[2]

Application of the forum selection clause is further supported by recent Ninth Circuit precedent holding that forum selection clauses "do not undermine ERISA's goal of allowing 'ready access to the Federal courts.'" *In re Becker*, 933 F.3d 731, 733 (9th Cir. 2021) (quoting 29 U.S.C. § 1001(b)). Rather, forum selection clauses serve a useful purpose "[b]y funneling all Plan oversight through one federal court," thereby encouraging "uniformity in the decisions interpreting that plan" *Id.* (internal quotation marks and citations omitted). In the same manner,

---

[2] The Court notes, as well, that this conclusion is wholly consistent with ERISA's venue provision which permits actions to be commenced in the district "where the plan is administered." *See* 29 U.S.C. § 1132(e)(2) (also providing that venue is proper "where the breach took place, or where a defendant resides or may be found").

ORDER – 5

this action is appropriately funneled to the Eastern District of Wisconsin, where the Plan is administered and where the majority of the participants reside.[3]

The Court is not persuaded by Plaintiff's arguments that the forum selection clause does not apply to legal actions alleging breach of fiduciary duties. Plaintiff argues that the language of the Plan's forum selection clause and the language of the SPD is limited to actions seeking benefits. Dkt. #31 at 7–10. But the operative language of the Plan's forum selection clause, applying to "any legal action brought . . . in connection with the Plan," is drafted more broadly than the first clause's more restrictive application to "legal action to receive benefits." Dkt. #26-1 at 80. Similarly, Plaintiff overstates the focus of the SPD's "Enforce Your Rights" section. That section is not limited to actions following a benefit denial, but also encompasses actions where Plan documents are not provided upon request, actions where "a claim for benefits [] is denied or ignored," and actions where "Plan fiduciaries misuse the Plan's money." Dkt. #26-2 at 32–33.[4] The Court finds no basis on which to conclude that Plaintiff's action does not fall within the Plan's forum selection clause or the language of the SPD.

Lastly, Plaintiff has not established any reason that the forum selection clause should not be enforced in this action. Defendants concede that "[t]here are three circumstances in which enforcement of a forum selection clause would be unreasonable," including where the clause is

---

[3] The Court also notes that throughout Defendants' briefing, they cite to numerous instances, within the Ninth Circuit and otherwise, where courts have transferred similar cases under a plan's forum selection clause. *See e.g.* Dkt. #34 at 5–8.

[4] The Court is also not persuaded by Plaintiff's argument that actions to recover benefits and actions premised on breach of fiduciary duty "are in an entirely different section of ERISA's remedial provisions." Dkt. #31 at 8. Sections 1132(a)(1) and 1132(a)(2) set out ERISA actions that may be brought by participants and beneficiaries, whether related to a denial of benefits or a failure to provide requested documents—section 1132(a)(1))—or to breach of fiduciary duty—section 1132(a)(2)). Plaintiff does not point to, and the Court does not perceive, any consequential distinction between the two subsections such that the forum selection clause should necessarily only apply to claims under one of the two subsections.

ORDER – 6

the result of fraud or undue influence, where the selected forum is overly inconvenient, and where enforcement would "contravene a strong policy of the forum in which the suit is brought." Dkt. #5 at 12 (citing *Foulon v. Klayman & Toskes, P.A.*, Case No. 04-cv-2555, 2005 WL 8165823, at *2 (W.D. Wash. Apr. 14, 2005)). But Plaintiff, unwilling to entertain the true scope of the forum selection clause, does not even argue that the clause is otherwise so unreasonable that it should not be enforced. The lack of argument is telling, and the Court finds no reason that it should not enforce the forum selection clause here.

**B. Transfer Under General Transfer Factors**

Even if transfer is not required under the terms of the forum selection clause, the Court would conclude that discretionary transfer is appropriate. In exercising discretion under section 1404(a), courts generally consider:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000).

Here, Plaintiff's alleged breaches of fiduciary duties occurred in Wisconsin. *See McFarland v. Yegen*, 699 F. Supp. 10, 13 (D.N.H. 1988) ("A breach of fiduciary duties . . . occur[s] . . . where the defendants commit or fail to commit the actions that their duties require."). Additionally, the vast majority of relevant actions took place in Wisconsin. The Plan was enacted in Wisconsin. Dkt. #26 at ¶ 4. The Plan is administered by Generac in Wisconsin and Plan records are maintained in Wisconsin. *Id.* at ¶¶ 5–6. Decisions related to the administration of the Plan are made by individuals and Board Defendants largely residing within Wisconsin. *Id.* at

ORDER – 7

¶¶ 7–8. And lastly, the Plan is to be governed, "[t]o the extent . . . not [] preempted by ERISA," "by the laws of the state of Wisconsin." Dkt. #26-1 at 87.

By contrast, Plaintiff establishes that the action relates to the Western District of Washington only because Plaintiff resides here, learned of the Plan here, and received Plan documents here. Dkt. #31 at 11. Beyond his individual convenience, however, Plaintiff does not establish that any aspect of the action otherwise relates to his residency in Washington. At the same time, Plaintiff's reliance on his individual convenience would appear to weaken in this instance where Plaintiff seeks to represent a class, the vast majority of which resides in Wisconsin. Dkt. #26-1 at ¶ 12.

This action should proceed in Wisconsin, not Washington.

### IV.     CONCLUSION

Having considered Defendants' motion, the briefing of the parties and materials provided in support, and the remainder of the record, the Court finds and ORDERS:

1. Defendants' Motion to Transfer Venue to the Eastern District of Wisconsin (Dkt. #25) is GRANTED. This case is TRANSFERRED to the United States District Court for the Eastern District of Wisconsin.

2. Defendants' Motion to Stay Pending Decision on Motion to Transfer Venue to the Eastern District of Wisconsin (Dkt. #27) is DENIED as moot.

3. This matter is CLOSED.

Dated this 3rd day of September, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 8